OPINION AND ORDER
FACTUAL AND PROCEDURAL BACKGROUND
Leroy Shingoitewa became employed with the Hotevilla Bacavi Community
School as Chief School Administrator on a contractual basis.[1] However, the Tribal Court was unable to determine any specific contractual duty owed by Shingoitewa to the School. In his position, Shingoitewa was generally responsible for managing the school’s finances. He had the authority to authorize expenditures in accordance with policies and procedures if funds were available in an existing budget line item. Only the School Board had authority to create budget line items, and only the School Board was authorized to approve off-reservation travel by Shingoitewa. Shingoitewa was authorized to approve on- and off-reservation travel by other school staff.
During his employment with the School, Shingoitewa applied for and received an American Express credit card in the School’s name and used the card for school and personal purposes. Based on an audit performed at the request of the Governing Board, it was determined that Shingoitewa incurred $980.69 in expenditures which were unauthorized or unsupported by documentation.
The Governing Board brought suit against Shingoitewa for breach of contract or, in the alternative, unjust enrichment. At the conclusion of a bench trial, the lower court held that there was no action for breach of contract because the exact contractual duties could not be determined.[2] The Governing Board did not introduce into evidence Shingoitewa’s job description which would presumably form *325 the basis of a contract, and there did not appear to be any other evidence from which the court could construe the contract.
With respect to the unjust enrichment claim, the Tribal Court held Shingoitewa liable for $980.69. The Tribal Court rested its decision on the presumption that expenditures not supported by documentation necessarily enrich the appellant unjustly.[3]
Shingoitewa brought a counterclaim. He alleged that the Governing Board’s actions interfered with Shingoitewa’s ability to obtain employment. The Tribal Court held in favor of the Governing Board on the counterclaim because Shingoitewa was already employed with the Tuba City Public School at the time of the filing of the lawsuit.
Shingoitewa appeals the judgment of the Tribal Court finding him liable for unjust enrichment and appeals the judgment on the counterclaim that the Governing Board was not liable for interference with a contractual relationship.
DISCUSSION
On appeal, the parties differ as to whether the Appellate Court’s task is to review findings of fact or to decide a question of law. The School Board maintains that the lower court’s application of unjust enrichment was proper and that the only way to reverse the judgment would be upon factual error by the lower court which would require this court to impose a higher standard of review. Shingoitewa, however, contends that he is not asking this court to review the lower court’s findings of fact. Shingoitewa argues that the lower court erred in its definition of the cause of unjust enrichment requiring a less deferential standard of review.[4] Because this court agrees with Shingoitewa that the issue is not to review findings of fact but to review the lower court’s definition of unjust enrichment and application of the cause of action, the standard of review is de novo.

A. Unjust Enrichment

The cause of action for unjust enrichment has not come before the Hopi Tribal Courts in the past. It is therefore the job of this Court to determine if unjust enrichment is recognizable by the Hopi courts and to define its contours. Unjust enrichment is a cause of action which finds its roots in the law of equity. It is often *326 described as a quasi-contractual claim because it is asserted when liability cannot be imposed in contract. It is an equitable action for the reason that, although liability cannot be found on a contractual theory, it would be unfair to deprive a person who has suffered a loss resulting in an enrichment of another person. In contract, a defaulted party can seek relief under the contract when there is an enforceable agreement between the two parties and the contract speaks to the alleged wrongful enrichment by one at the sake of the other. Even if the contract does not expressly address the enrichment, implied covenants of good faith and fair dealing often impose actionable duties upon the parties to the contract. In this case, the lower court found that although there was a contract between the Governing Board and Shingoi-tewa, it was impossible to construe the contract,.[5] The Governing Board therefore relied upon its alternative claim of unjust enrichment to obtain relief. The basic purposes for which unjust enrichment has been brought in other jurisdictions are consistent with the basic notions of Hopi fairness and justice. It makes sense that if one cannot bring suit in contract, because a contract does not exist or the contract does not adequately address wrongful conduct which forms the basis for complaint, then the alternative cause of action based on fairness and equity is proper and actionable.
The Tribal Court defined unjust enrichment as follows: “In order for the Court to find that Leroy Shingoitewa was unjustly enriched the Plaintiff must have shown that there were funds expended without authorization and these funds were expended by Leroy Shingoitewa and that he benefited.” Shingoitewa at 9, supra note I. At bottom, the lower court’s definition of unjust enrichment comes down to the following elements: (1) conferral of actual benefit, (2) receipt of the benefit, and (3) lack of authorization. Pursuant to Hopi Tribe v. Mahkewa, 1289/90 (1995), we can look to federal law, Arizona law, and the common law for persuasive authority provided they are not inconsistent with Hopi law in identifying and defining the cause of action of unjust enrichment to be applied in the Hopi courts. Because the elements of unjust enrichment as described by the lower court are not entirely consistent with other jurisdictions’ conception of unjust enrichment and are not consistent with Hopi notions of fairness, we find error with the lower court’s definition and application of the cause of action of unjust enrichment.
Shingoitewa cites Berrett v. Stevens, 690 P.2d 553, 557 (Utah 1984), which defines unjust enrichment as applied in the State of Utah. In that case, unjust enrichment is (1) a benefit conferred on one person by another, (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value. In Arizona, unjust enrichment requires (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) absence of justification for the enrich *327 ment and impoverishment, and (5) an absence of a remedy provided by law. Comm. Guardian Bank v. Hamlin, 182 Ariz. 627, 630, 898 P.2d 1005, 1008 (Ariz. App. 1995); Stapley v. Amer. Bathtub Liners, Inc., 162 Ariz. 564, 568, 785 P.2d 84, 88 (Ariz.App.1989); City of Sierra. Vista, v. Cochise Enter., Inc., 144 Ariz. 375, 381, 697 P.2d 1125, 1131 (Ariz.App. 1984). “[A] person who has been unjustly enrichment at the expense of another is required to make restitution to the other.” Rest. Restitution § 1. Comment b of the Restatement further discusses the element of “benefit”:
A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or in any way adds to the other’s security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or loss. The word “benefit,” therefore, denotes any form of advantage. The advantage for which a person ordinarily must pay is pecuniary advantage; it is not, however, necessary so limited, as where a physician attends an insensible person who is saved subsequent pain or who receives thereby a greater chance of living.
The lower court’s definition of unjust enrichment fails to take into account two important requirements inherent in the cause of action. First, the lower court’s definition does not require that there be a lack of alternative remedies. This requirement is crucial in that often parties may relinquish rights or privileges which absent the give-and-take context of contractual bargaining may appear to be unfair or inequitable. In fact, relinquishing a right or privilege which might otherwise- appear unjust may serve as part of the consideration underlying the contract. Because this court does not wish to disturb the contractual relationship arrived at between two parties, the Hopi courts are duty bound to ensure that no contractual remedy exists before determining if an unjust enrichment has occurred. In US-Life Title Co. of Arizona v. Gutkin, the Arizona Appellate Court stated “[o]ur courts have repeatedly held that the existence of a contract specifically governing the rights and obligations of each party precludes recovery for unjust enrichment.” 152 Ariz. 349, 353, 732 P.2d 579, 583 (Ariz. App.1987), recon. denied Nov. 25, 1986, rev. denied Feb. 11, 1987. See also Brooks v. Valley National Bank, 113 Ariz. 169, 548 P.2d 1166 (1976); Johnson v. Amer. Nati Ins. Co., 126 Ariz. 219, 223, 613 P.2d 1275, 1279 (Ariz.App.1980). The Gutkin court further explained. “That the doe-trine of unjust enrichment has no application to express contractual situations, quite obviously, results from the fact that unjust enrichment is a form of restitutionary relief available upon either ‘implied in fact’ contract or quasi-contractual grounds.” 152 Ariz. at 354, 732 P.2d at 584. In the case before this Court, the lower court found that a contract existed but that the terms of the contract could not be determined due to a lack of evidence. This is insufficient to satisfy the lack of remedy requirement. Although the Governing Board was not entitled to a remedy on the basis of the lower court’s judgment, the unavailability of the remedy came about because the Governing Board did not submit into evidence the terms of the contract which was central to the dispute. Notwithstanding the lack of written evidence, it is still possible to construe a contract based on other available evidence including oral testimony. Without expressing an opinion as to the lower court’s decision that the contract could not be construed, *328 the Governing Board still failed to appeal the issue to this Court.
The lower court’s definition of unjust enrichment is also in error because it hinged liability on a lack of authorization which is a contractual requirement. From the available evidence, it is clear that Shin-goitewa was contractually required to obtain authorization in the form of a requisition or Governing Board approval before incurring the expenses which formed the basis of this suit. This lack of authorization or approval, however, is insufficient to impose liability for unjust enrichment. The cause of action requires the conferral and receipt of something which unjustly benefits the recipient. Without overturning any of the lower court’s findings of fact, there is no indication based on the record below, except for the few expenses to which Shingoitewa admits liability and which are not at issue here[6], that Shingoi-tewa personally benefited from making expenditures on the credit card. The lower court placed complete reliance on the fact that Shingoitewa did not obtain approval from the Governing Board or from a requisition form to make the expense. The failure to obtain approval which seems to be required by his employment contract does not amount to unjust enrichment. For these reasons, the lower court erred as a matter of law.
Because there was a contract between the Governing Board and Shingoitewa defining the rights and obligations of each party, liability for unjust enrichment is improper. The Tribal Court found that the rights under the contract could not be ascertained because the Governing Board did not admit into evidence a written job description setting out Shingoitewa’s responsibilities. This does not necessarily mean that the contract could not be construed. Even under an oral contract, the rights and obligations of the parties can be ascertained although the Court’s job is made more difficult. Moreover, for the reason that there was no evidence on the record below which tended to show that Shingoitewa benefited from making various expenses on the credit card, except those expenses to which he admits liability, the Tribal Court’s judgment of liability for unjust enrichment is reversed.

B. Counterclaim

In examining the tort of interference with contractual relations, this court will again look to other jurisdictions to determine if it is an appropriate cause of action in the Hopi courts and to determine if it was applied correctly in this case. Arizona defines the interference with contractual relations as:
(1) The existence of a valid contractual relationship or business expectancy;
(2) Knowledge of the relationship or expectancy on the part of the interfe-ror;
(3) Intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
(4) Resultant damage to the party whose relationship or expectancy has been disrupted.
Hirsch v. Cooper, 153 Ariz. 454, 459, 737 P.2d 1092, 1097 (Ariz.App.1986) (citing Pre-Fit Door, Inc. v. Dor-Ways, Inc., 13 Ariz.App. 438, 440, 477 P.2d 557, 559 (1970)). As applied in this case, the tort is not inconsistent with Hopi law or Hopi notions of fairness and justice, and it is therefore adopted.
The Tribal Court was correct when it determined that the Governing Board *329 did not interfere with Shingoitewa’s contractual relationship or business expectancy. At the time of the filing of the lawsuit by the Governing Board, Shingoitewa was employed with the Tuba City Public School. Shingoitewa has not shown that the Governing Board intentionally interfered with the relationship thereby inducing or causing a breach or termination of the relationship with the Tuba City Public School. Moreover, Shingoitewa has not shown damages for any supposed interference by the Governing Board.
This court is not saying that the existence of a valid contractual relationship or a business expectancy is a defense to the cause of action. It is conceivable that as a consequence of intentional interference, a plaintiff might be engaged in an inferior contractual relationship or have an inferior business expectancy. To this extent, the plaintiff should be able to show damages, and the plaintiff must prove that a superior relationship or expectancy was reasonable absent knowing and intentional interference by the defendant.
ORDER
That part of the Tribal Court’s judgment finding Shingoitewa liable in the amount of $34.00 representing those charges to which Shingoitewa admitted liability, is affirmed. It is further ordered that that part of the judgment finding the Governing Board to be not liable for interference with a contractual relationship or business expectancy is affirmed. However, the remainder of the judgment finding Shingoitewa liable for unjust enrichment in the amount of $946.69 is reversed. Each party is responsible for their own attorney’s fees.

. All facts in this case are taken from the lower court’s decision, Governing Board of Education of the Hotevilla Bacavi. Community School v. Shingoitewa, Decision and Order, Dec. 13, 1996, Hopi Tribal Court (hereinafter Shingoitewa).

. Shingoitewa, supra note I. The lower court found:
There was an employment contract between the Hotevilla Bacavi Community School and Leroy Shingoitewa wherein he was employed as the Chief School Administrator, for the period from December 01, 1992 through June 30, 1993.... In review- *325 tag the contract the Court finds that there are several references, in the opening clause and under Section 1 which refers to the Employee’s obligations, to other documents. However, these documents such as the position description, Hotevilla Bacavi Community School's Personnel Policies and Procedures Manual, and list or description of assigned duties were not offered into evidence. Without these key documents this Court cannot determine the exact nature of Leroy Shingoitewa’s contractual obligations and thus cannot determine whether he carried them out or failed to carry them out....
[[Image here]]
In short, the Plaintiff has not met their burden of proof as to exactly which provisions of the employment contract were breached, it is riot enough to say this document applies without showing which provision of the contract makes it applicable.

. In her thoughtful and detailed decision. Judge Kindig made twenty three findings of fact. Finding no. 21 painstakingly itemizes each charge made on the credit card and makes a determination as to whether the particular charge lacked authorization or documentation.

. This court reviews findings of fact for clear error, and questions of law are reviewed de novo. See Coin v. Mowa, AP-005-95 (1997); Hopi Tribe v. Randolph, No. 96A000006 (1997).

. It is not necessarily true that the contract between the Governing Board and Shingoite-wa cannot be construed. Usually, the written document is merely evidence of the contractual relationship, albeit sometimes presumptive and conclusive evidence, but the lack of a written document typically does not render the contract action fatal. Other evidence can be garnered to construe the agreement. However, this question was not raised on appeal and is therefore not before this Court. The job before this Court is simply to determine if the lower court's judgment against Shingoitewa for unjust enrichment action should be upheld.

. Shingoitewa admitted making a $34.00 charge to the credit card for a.non-school related purpose for which he remains personally liable. Shingoitewa at 5, supra note 1.