FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN R. QUAIN,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>CAPSTAR, dba Clear Channel Communications, Inc.; et al.,<br><br>            Defendants - Appellees. | No. 10-17508<br><br>D.C. No. 2:09-cv-02365-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 27, 2011[**]

Before:      HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

     John R. Quain appeals pro se from the district court's judgment dismissing

his diversity action alleging breach of contract, misrepresentation, and unjust

enrichment.  We have jurisdiction under 28 U.S. C. § 1291.  We review de novo

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the district court's dismissal of a complaint for failure to state a claim, *see Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011), and for an abuse of discretion its denial of leave to amend, *see Gordon v. City of Oakland* 627 F.3d 1092, 1094 (9th Cir. 2010). We affirm.

The district court properly dismissed Quain's breach of contract claim because Quain failed sufficiently to allege that he was an intended third-party beneficiary of the Consent Decree between the Federal Communications Commission and Clear Channel. *See United States v. FMC Corp.*, 531 F.3d 813, 820-21 (9th Cir. 2008) (when the government is party to a consent decree, there is a presumption that members of the public are not intended beneficiaries); *see also Norton v. First Fed. Sav.*, 624 P.2d 854, 856 (Ariz. 1981) (for a person to recover as a third-party beneficiary of a contract, an intention for that person to benefit must be indicated in the contract itself).

The district court properly dismissed Quain's misrepresentation claim because Quain failed sufficiently to allege that defendants made a false representation to him, that defendants intended that he rely on the purported misrepresentation, or that his reliance was justified. *See Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (stating elements of misrepresentation under Arizona law).

The district court properly dismissed Quain's unjust enrichment claim because Quain failed sufficiently to allege a connection between defendants' enrichment and Quain's impoverishment. *See Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. App. 1995) (stating elements of unjust enrichment under Arizona law).

The district court did not abuse its discretion by denying Quain leave to amend his complaint for the fourth time. *See Gordon*, 627 F.3d at 1094 (district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency).

We do not consider Quain's claims that he did not raise in the operative second amended complaint. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008).

Quain's remaining contentions are unpersuasive.

We deny Quain's motion for change of venue as moot.

**AFFIRMED**.