**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID K. EVERSON; PATRICIA M.
EVERSON,

          Plaintiffs - Appellants,

  v.

DAVID D. EVERSON, individually and
as President and Director of Mandalay
Homes, Inc.; et al.,

          Defendants - Appellees.

No. 11-17977

D.C. No. 2:08-cv-01980-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

      Plaintiffs David K. Everson and Patricia M. Everson appeal pro se from the

district court's summary judgment for defendants in plaintiffs' diversity action

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging 13 causes of action arising from a dispute concerning horses. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on plaintiffs' breach of contract claim because plaintiffs failed to raise a genuine dispute of material fact as to whether the condition precedent to the settlement agreement had been satisfied. *See Yeazell v. Copins*, 402 P.2d 541, 544 (Ariz. 1965) (no duty to perform where a condition precedent has not been fulfilled).

The district court properly granted summary judgment on plaintiffs' abuse of process claim because plaintiffs failed to raise a triable dispute as to whether defendants brought their South Mountain Justice Court action primarily for an improper purpose. *See Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982) (plaintiffs must prove "a willful act in the use of judicial process . . . for an ulterior purpose not proper in the regular conduct of the proceedings").

The district court properly granted summary judgment on plaintiffs' fraud claims because plaintiffs failed to raise a triable dispute as to whether defendants' allegedly fraudulent actions caused plaintiffs' "consequent and proximate injury." *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) (setting forth elements of fraud).

The district court properly granted summary judgment on plaintiffs' property tort claims because those claims are time-barred. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations); *see also Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998) (en banc) (cause of action begins to accrue when "plaintiff knows or with reasonable diligence should know the facts underlying the cause").

The district court properly granted summary judgment on plaintiffs' civil conspiracy claim because "there is no such thing as a civil action for conspiracy" in Arizona. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966).

The district court properly granted summary judgment on plaintiffs' unjust enrichment claim because plaintiffs failed to raise a triable dispute as to whether the requisite elements were met. *See Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995) (setting forth elements for unjust enrichment).

Contrary to plaintiffs' contentions, the district court had jurisdiction to grant summary judgment to the Estate of Louis Schaeffer. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (even "in the absence of proper service of process," a court has jurisdiction when "the defendant has consented to jurisdiction").

The district court did not abuse its discretion in declining to enter default judgment against defendants because plaintiffs failed to show compliance with the

3

requirements of Fed. R. Civ. P. 55(a). *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and relevant factors).

The district court did not abuse its discretion in denying plaintiffs' motion to strike defendants' answer to the amended complaint. *See Hambleton Bros. Lumber Co. v. Balkin Enters. Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review).

The district court did not abuse its discretion in denying plaintiffs' motion for leave to file a second amended complaint because plaintiffs did not demonstrate why the new facts they sought to plead were not available when they filed their earlier complaints. *See Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and relevant considerations).

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration because plaintiffs failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not address issues not properly raised before the district court. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999).

**AFFIRMED.**