IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

IN RE THE MARRIAGE OF

BRADLY P. DUVALL,
*Appellant,*

*and*

JANET M. DUVALL, NOW KNOWN AS JANET M. TUCHOLSKI,
*Appellee.*

No. 2 CA-CV 2024-0095-FC
Filed June 19, 2025

---

Appeal from the Superior Court in Maricopa County
No. FC2015002770
The Honorable Monica Edelstein, Judge

**AFFIRMED**

---

COUNSEL

Stevens & Van Cott PLLC, Scottsdale
By Charles Van Cott and Laurence B. Stevens
*Counsel for Appellant*

M. Wayne Lewis, Chandler
*Counsel for Appellee*

**OPINION**

Judge Gard authored the opinion of the Court, in which Presiding Judge O'Neil and Judge Brearcliffe concurred.

G A R D, Judge:

**¶1**	In this post-marital dissolution proceeding, Bradly Duvall ("Husband") appeals from the superior court's order denying his petition to enforce a provision in the dissolution decree ordering him and Janet Tucholski ("Wife") to each pay one-half of Husband's student loan balance as a community debt. Because the court correctly determined that the enforcement petition was time-barred under A.R.S. § 25-318(P), we affirm.

**Factual and Procedural Background**

**¶2**	We view the facts in the light most favorable to sustaining the superior court's findings and orders. *Leathers v. Leathers*, 216 Ariz. 374, ¶ 20 (App. 2007); *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987). In 1992, Husband obtained a student loan to attend law school. Husband and Wife married the following year. During the marriage, the parties made payments toward the student loan balance using community funds. In September 1999, the lender sent Husband a disclosure statement indicating that the loan's final payment would be due in December 2021.[1]

**¶3**	In February 2015, Husband served Wife with a petition for dissolution, terminating the marital community. *See* A.R.S. § 25-211(A)(2). In the subsequent dissolution decree, the superior court found that the loan had a balance of $19,638.49 and that it was a community debt. Accordingly,

---

[1]The lender automatically deferred Husband's loan payments between March 2020 and November 2021 due to the COVID-19 pandemic. In addition, beginning in 2016, Husband made multiple successful requests to place his obligation in forbearance. The superior court noted that the testimony regarding the various deferments was "unclear" but found that the loan was "at least . . . in deferment until sometime in late 2021." Ultimately, however, the court concluded that any deferment and its effect on the loan's maturity date was irrelevant.

in dividing the community, the court ordered each party to be responsible for one-half of the loan's balance:

> IT IS ORDERED that in fairly and equitably allocating the student loan, [Husband] and [Wife] shall each be responsible for one-half of this community debt; i.e., each party owes $9,819.25.

¶4 After the decree was entered, the parties had no communication regarding the student loan. Although the loan was only in Husband's name, Wife had been listed as an authorized payor on the account. In June 2018, Wife instructed the lender to direct all future correspondence and communication to Husband. At no time did Wife make any payments toward her share of the balance, either to Husband or to the lender directly.

¶5 In October 2022, Husband paid the lender his share of the student loan. He thereafter sent Wife a letter demanding that she pay her portion of the loan. Wife's counsel responded to the letter in January 2023, asserting that any attempt to enforce the debt was barred by § 25-318(P)'s two-year statute of limitations.

¶6 In May 2023, Husband filed a petition to enforce the decree, asking the superior court to order Wife to immediately make payments toward her share of the loan, including interest that had accrued, and to award attorney fees based on her failure to pay as ordered. In February 2024, after a hearing, the court found Wife in contempt for knowingly failing to pay her portion of the debt. The court stated, however, that the contempt finding did "not end the inquiry" in light of the statute of limitations issue. The court ultimately concluded that Husband's enforcement petition was time-barred because he should have raised it within two years of the July 2017 decree. The court accordingly denied the petition and awarded Husband no relief, despite having found Wife in contempt. This appeal followed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A).

## Discussion

¶7 Husband contends the superior court erred by determining that the two-year statute of limitations under § 25-318(P) began upon the decree's filing. He argues that the statute instead commenced at the earliest

in December 2021, when the final payment was due on the loan prior to any periods of forbearance.

¶8          "[W]e review a [superior] court's ruling on a post-decree petition to enforce for an abuse of discretion." *In re Marriage of Rojas*, 255 Ariz. 277, ¶ 10 (App. 2023). But "[w]e review de novo questions of law concerning the statute of limitations, including 'when a particular cause of action accrues,' where, as here, such a determination 'hinges solely on a question of law rather than resolution of disputed facts.'" *Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, ¶ 6 (App. 2013) (quoting *Montaño v. Browning*, 202 Ariz. 544, ¶ 4 (App. 2002)); *see Mertola, LLC v. Santos*, 244 Ariz. 488, ¶ 10 (2018) (cause of action accrues and statute of limitations commences when one party is able to sue another). We likewise review de novo a court's interpretation of a dissolution decree, as well as its interpretation and application of the law. *Marriage of Rojas*, 255 Ariz. 277, ¶ 10.

¶9          "[W]hen dividing the community, the court is to consider all community assets and debts in making an equitable property distribution." *Hammett v. Hammett*, 247 Ariz. 556, ¶ 24 (App. 2019); *see generally* § 25-318(A), (B). "[T]he division of community property includes the allocation of community debts." *Hammett*, 247 Ariz. 556, ¶ 22. But a court's allocation of debt "only determines the obligations of the spouses with respect to one another; the spouses' creditors are not bound by the allocation." *Fleming v. Tanner*, 248 Ariz. 63, ¶ 23 (App. 2019); *see Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 631 (App. 1995) (court's allocation of community debt does not affect third-party creditors but instead "fix[es] responsibility between the parties for the debt and can be used by one spouse to sue the other for contribution, if necessary"); *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982) ("The allocation of community liabilities determines the rights and obligations of parties before the court only with respect to each other.").

¶10          If a party to a dissolution action fails to comply with a court order allocating debt, § 25-318(P) "provides a limited statutory remedy" for the non-defaulting party. *Birt v. Birt*, 208 Ariz. 546, n.6 (App. 2004). This remedy, however, has a two-year statute of limitations:

> If a party fails to comply with an order to pay debts, the court may enter orders transferring property of that spouse to compensate the other party. If the court finds that a party is in contempt as to an order to pay community

debts, the court may impose appropriate sanctions under the law. A party must bring an action to enforce an order to pay a debt pursuant to this subsection within two years after the date in which the debt should have been paid in full.

§ 25-318(P).[2]

¶11 Here, Husband contends that "the date in which the debt should have been paid in full" under § 25-318(P) was the date the lender had prescribed for the loan's final payment, which, prior to any forbearance periods, was in December 2021, making his May 2023 enforcement petition timely. Wife, however, maintains that § 25-318(P)'s limitations period began when the divorce decree was entered, noting that she cannot be ordered to pay Husband's lender directly and is not independently bound by any payment agreements between him and the lender.

¶12 After finding the student loan to be a community liability, the superior court ordered each party to pay an equal portion of the loan's outstanding balance.[3] The court did not specify the manner in which the parties were to satisfy their individual obligations—such as, for example, through installment payments or in accordance with the lender's payment schedule—nor did it identify a future date by which they were to do so. Instead, it divided the then-outstanding balance and directed each party to pay half.

¶13 Because the superior court ordered each party to contribute a lump-sum payment to the debt and did not qualify or attach conditions to that order, each party's obligation to pay his or her share arose when the court entered the decree. *See Birt*, 208 Ariz. 546, ¶ 17 ("[P]rovisions as to debt are 'final when entered, subject to the right of appeal' and the right to modification." (quoting A.R.S. § 25-325(A))); *Stine v. Stine*, 179 Ariz. 385, 388 (App. 1994) (recognizing that "[t]he meaning of a decree is to be determined

---

[2]We cite the current version of § 25-318 because no revisions to subsection (P) have occurred since the entry of the dissolution decree.

[3]To the extent Wife challenges the superior court's designation of the student loan as community debt, the time to appeal from the decree of dissolution has long passed. *See* Ariz. R. Civ. App. P. 9(a). We therefore do not address her arguments on this issue.

from the language used" and that courts will not "remake the language to alter the existing rights or obligations"). We accordingly conclude that Wife's "debt should have been paid in full" immediately upon the decree's entry. § 25-318(P). Because Husband waited almost six years beyond this date to bring an enforcement action, the debt was no longer enforceable by contempt proceedings, and the superior court therefore correctly dismissed the petition as time-barred.

¶14 In arguing otherwise, Husband overlooks that Wife is not independently bound by any agreements between him and his lender, nor does the decree affect any such agreements.[4] *See Fleming*, 248 Ariz. 63, ¶ 23; *Cmty. Guardian Bank*, 182 Ariz. at 631; *Lee*, 133 Ariz. at 124. Rather, Wife's obligation on the loan exists only because the loan is a community liability. As a result, the relevant "debt" for § 25-318(P)'s purposes is not the student loan's full balance as owed to the lender but that portion of that balance assigned to Wife as part of the community's division. In the decree, the court fixed the amount Wife owed, thereby "determin[ing] the rights and obligations of [the] parties . . . with respect to each other," *Lee*, 133 Ariz. at 124, and Husband was entitled to enforce that debt against Wife upon the decree's entry. *See Mertola*, 244 Ariz. 488, ¶ 10. We therefore agree with the superior court that Husband filed his enforcement petition well outside of the two-year time period set forth in § 25-318(P). The court correctly dismissed the petition as untimely.[5]

---

[4]Husband also relies heavily on cases interpreting A.R.S. § 12-1551(b), which sets a time limit for a court to issue legal process on a judgment, and contends based on this law that the statute of limitations "does not begin to run until the occurrence of all conditions giving rise to a right to sue under a decree of dissolution." Section 12-1551(b) is inapplicable here, as is the law applying it, because Husband filed his enforcement petition under Title 25. Regardless, as we have concluded above, the dissolution decree required a lump-sum contribution from Wife and was immediately enforceable on issuance. All conditions giving rise to Husband's right to sue under the decree therefore occurred when Wife failed to comply with the court's order assigning her a fixed portion of the student loan debt.

[5]Because we conclude Husband's petition to enforce is time-barred, we do not address his arguments on appeal regarding contempt remedies. We note, however, that the superior court's finding that Wife was in contempt contradicts its subsequent, correct finding that the statute of limitations had run on Husband's enforcement petition. As we have

**Attorney Fees and Costs on Appeal**

**¶15**        Both parties request their attorney fees and costs on appeal under A.R.S. § 25-324.  Husband argues that Wife has greater financial resources, while Wife contends that Husband has taken unreasonable positions on appeal and in the proceedings below.  In our discretion, we deny both parties' requests for attorney fees.  As the prevailing party, however, Wife is entitled to her costs on appeal upon compliance with Rule 21(b), Ariz. R. Civ. App. P.  *See* A.R.S. § 12-341; *Doherty v. Leon*, 249 Ariz. 515, ¶ 24 (App. 2020).

**Disposition**

**¶16**        For the foregoing reasons, we affirm the superior court's denial of Husband's petition for enforcement.

---

explained, Wife's debt was no longer enforceable after the statute of limitations had expired.  The judicial power of contempt is inherent, *Owen v. City Court of Tucson*, 123 Ariz. 267, 269 (1979), but no court may use that power to enforce the unenforceable, *see Stone v. Stidham*, 96 Ariz. 235, 239-40 (1964).