423 P.2d 364

**Mary Jean ELLSWORTH, a divorced woman, Appellant,**

**v.**

**Louis B. ELLSWORTH, a divorced man, d/b/a Ellsworth Motors, Appellee.**

**No. 2 CA–CIV 235.**

Court of Appeals of Arizona.

Feb. 3, 1967.

Rehearing Denied April 18, 1967.

Mary Jean Ellsworth, Tempe, in pro. per.

Cavness, DeRose, Senner & Foster, by John W. Rood, Phoenix, for appellee.

MOLLOY, Judge.

This appeal arises in litigation between parties who were formerly husband and wife and as to whom a decree of divorce had been rendered on April 17, 1964. By this decree, the husband was awarded a divorce from the wife, and as his separate property, ten of the twelve items described as community property in the decree. The wife was awarded only the home of the parties and an automobile, both being subject to encumbrances. In the decree the husband was required to pay off the encumbrance on the home. In the paragraph awarding to the husband his share of the community property, the decree contains this language:

> "* * * the said property being subject to all of the outstanding indebtednesses thereon, and the plaintiff [husband] is hereby ordered to hold and save the defendant harmless of and from any and all of said obligations."

There was no mention in the decree of the general obligations of the community.

Some three months after the rendition of the divorce decree, O. S. Stapley Company, dba Arizona Hardware Company, as plaintiff, brought an action against the husband on two promissory notes and an open account. On December 9, 1964, the husband filed a third-party complaint against his former wife, alleging that the indebtednesses sued upon were community obliga-

tions and that therefore the former wife should be held liable to the extent of one half of any sums recovered by the plaintiff in the action. The former wife's answer to the third-party complaint admitted the community nature of the obligations in question but set up certain affirmative defenses.

After a motion for summary judgment filed on the third-party complaint by the former husband, the court entered a judgment on December 9, 1965, against the former wife in the sum of $4,675, said sum being one half of the amount paid by the husband in satisfaction of the claims of the O. S. Stapley · Company, the judgment containing the provision that the recovery be " * * * limited to Mary Jean Ellsworth's former interest in the community property." It is from this judgment that an appeal is taken.

In the appellant's brief filed with this court, it is stated as to the divorce decree of April, 1964, that " * * * by reason of an error, the decree was silent as to the liabilities on the two promissory notes and open account owed to Arizona Hardware [O. S. Stapley Company]." There is no elucidation in the brief as to the nature of the alleged "error" and the matter is not mentioned again in the appellant's opening brief, the only brief filed with this court.

By the time of oral argument in this court, the appellant had discharged her counsel in this action and was representing herself. In appearing before this court, she submitted a document purporting to be a facsimile copy of the letter written to the Clerk of the Superior Court in Gila County by the Honorable Porter Murry, who presided during the divorce trial, which letter appears to direct the entry of a minute order requiring the preparation of a written judgment in the divorce action. The letter contains the following paragraph:

> "The remaining property shall become the sole and separate property of the Plaintiff, subject to all outstanding indebtedness, including the balance due on the home residence."

■ An examination of the record discloses that neither this letter nor the minute order that one would presume was entered in pursuance thereof was called to the attention of the trial court. Accordingly, this matter should not be grounds for reversal on appeal. *Klinger v. Conelly,* 2 Ariz.App. 169, 407 P.2d 108 (1965). Nor is the letter properly made a part of the record on appeal and hence should be disregarded by this court. *Taylor v. American National Insurance Company,* 1 Ariz. App. 574, 405 P.2d 826 (1965). Nor do we believe it would be appropriate to go this far outside of the briefs to consider whether a trial court should be reversed. *American Federation of Labor v. American Sash & Door Co.,* 67 Ariz. 20, 189 P.2d 912, aff'd 335 U.S. 538, 69 S.Ct. 258, 260, 93 L.Ed. 222, 6 A.L.R.2d 481 (1949). For all of these reasons, we feel constrained to forego considering whether there is a patent ambiguity arising from the use of the words "outstanding indebtednesses thereon" in the divorce decree, which might be clarified by the consideration of the letter quoted above.

The first contention made on appeal is that there was an issue of fact in the lower court precluding summary judgment under the doctrine that a summary judgment should not be granted when there is the " * * * slightest doubt as to the facts." *Peterson v. Valley National Bank of Phoenix,* 90 Ariz. 361, 362, 368 P.2d 317, 318 (1962). The only facts called to this court's attention at this point, as precluding summary judgment, are those contained in an affidavit filed by the appellant in the lower court in which she stated that she had refused to sign the promissory notes upon which the husband was sued, and that she did not acquiesce in these obligations.

■ We hold that such assertions are not sufficient to defeat the community nature of these obligations. It is not necessary that the wife sign a note in order for the same to be a community obligation. *Donato v. Fishburn,* 90 Ariz. 210, 367 P.2d 245 (1961). Nor, is it material that the

wife did not "acquiesce" in the incurring of the obligations. By statute, the husband is made the manager of the community. A.R.S. § 25–211, and see Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963). If the husband acts with the object of benefiting the community, a fact not questioned here, the obligations so incurred by him are community in nature, whether or not the wife approved thereof. Donato v. Fishburn, supra.

The second contention raised on appeal is that there were "equitable" defenses raised by the wife which would affect the measure of contribution to which the husband was entitled. Portions of the appellant's affidavit filed in the lower court are relied upon in this area of the appellant's brief, which portions are to the effect that the husband received more community property than the wife out of the divorce decree, and that it would be a "hardship and inequality" if the wife's share of the community property were forced to contribute one half of the amounts paid to satisfy the subject obligations.

■■■ The question of the equitable division of the community property was before the court in the divorce action, and its decree, from which no appeal was taken, is conclusive that the distribution of the community property was fair and equitable under the circumstances. See Berman v. Thomas, 41 Ariz. 457, 19 P.2d 685 (1933). We do not conceive it to be important, in an action such as this, that one or the other of the spouses may have received a greater share of the community property. A community of husband and wife is " * * * more analogous to a partnership than any other status known to our laws." Ackel v. Ackel, 57 Ariz. 14, 22, 110 P.2d 238, 242, 133 A.L.R. 549 (1941). The wife's proprietary interest in the community property is equal to that of her husband. Coe v. Winchester, 43 Ariz. 500, 503, 33 P.2d 286 (1934); Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501, 116 A.L.R. 633 (1938). If community property is not distributed in a divorce decree, the husband and wife own an undivided one-half interest therein as tenants in common. Hatch v. Jones, 81 Ariz. 5, 10, 299 P.2d 181 (1956); Dempsey v. Oliver, 93 Ariz. 238, 241, 379 P.2d 908 (1963).

■■■ All of the foregoing is well-established law in this jurisdiction. However, we have had no decision expressly pertaining to community obligations which are omitted in the divorce decree. However, such being the nature of the community status, we believe it necessarily follows that the wife should be liable, as between her former husband and herself, to the extent of one half of any such omitted community obligations, at least, as held here, to the extent that she has received community property from the dissolution of the marriage. The decision of Hanson v. Hanson, 55 Wash.2d 884, 350 P.2d 859 (Wash. 1960), holds that a divorced husband is liable to the extent of one half of the omitted community obligations, without any limitation being expressed as to the amount of community property received through the divorce decree. We know of no contrary authority.

Tracing our community property law to its Spanish origins, we find substantially the same concepts to have been accepted:

"The surviving spouse, likewise, is liable for half of the community debts, by reason of the share of the community property in his or her hands."

1 de Funiak, Principles of Community Property § 211, p. 600 (1943).

"So far as concerned the settlement and division of community property upon legal separation, the situation was much the same as that where dissolution of the marital community resulted through death."

1 de Funiak, Principles of Community Property § 223, p. 634 (1943).

While contribution is an equitable doctrine, 18 C.J.S. Contributions § 2, p. 3, 18 Am.Jur.2d Contribution § 3, p. 9, this does not mean that a court can apportion a debt between two obligors in any way that its

conscience might dictate. Equity follows the law. The previous divorce litigation between the parties having determined that each received a fair division of the community property, and the essence of the relationship between husband and wife being that of an equal partnership, we believe it necessarily follows that the community debts not dealt with in the divorce decree should be apportioned equally between the former husband and wife. Whether there is personal liability for such debts, beyond the value of community property received from the dissolution of the marriage, we do not decide because it is not before us.

The primary purpose of all judicial activity is to lay controversy to rest. In an analogous situation, involving a claim that one of two insurance companies was in equity more liable than the other for an Industrial Commission award, which had been appealed and affirmed, our Supreme Court said:

"It follows that since the whole matter has already been determined in an action where the parties here appeared adversely, they are bound by the judgment. By virtue of the award, they are, under the law, in *aequali jure.* Equity follows the law, and the actual respective equities of the parties become immaterial." Ocean Accident & Guarantee Corp., Ltd., v. United States Fidelity & Guaranty Co., 63 Ariz. 352, 363, 162 P.2d 609, 614 (1945).

 The appellant further contends that the trial court erred in ordering the wife to pay her share of the attorney's fees awarded to the O. S. Stapley Company under the provisions of the promissory notes in question. The appellant relies upon cases holding that the costs incurred by a co-obligor in defending a lawsuit cannot be charged against the other co-obligor unless there has been an agreement between them that such costs should be shared. These cases are not pertinent. In the instant case the former wife is not being charged with any attorney's fees incurred by the husband in defense of the suit, but rather is being charged with a moiety of the fees allowed under the provisions of the promissory notes, which were community obligations. Donato v. Fishburn, supra. Accordingly, we find no merit in the appellant's contention in this regard.

The last contention made by the appellant is that the instant action should have been heard by the same judge who tried the divorce case. We note that the appellant did not attempt to disqualify the subject judge for bias or prejudice. There is no applicable law cited and we reject the contention. Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.