561 P.2d 327

**Kathryne C. JANKOWSKI, Appellant,**

v.

**Stephen J. JANKOWSKI, Appellee.**

**No. 1 CA–CIV 3035.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 25, 1977.

Rehearing Denied Feb. 24, 1977.

Review Denied March 15, 1977.

Steven M. Friedman, Phoenix, for appellant.

Otto H. Linsenmeyer, Edward W. Parker, Nancy K. Skomp, Phoenix, for appellee.

OPINION

SCHROEDER, Presiding Judge.

This is an appeal from a decree of marriage dissolution. The appellant first contends that the trial court erred in awarding the residence equally to the parties rather than making an equitable division and ordering a partition. Second, she contends that the trial court should have made an express allocation of responsibility for the community debts of the parties.

The action was commenced prior to August 8, 1973 when Arizona's new no-fault dissolution of marriage statutes went into effect. However, the parties stipulated that the matter would be tried as if it had been instituted after the effective date of the new law.

The residence was held in joint tenancy, and the decree of dissolution entered by the trial court provided that it would be awarded "equally to the parties". Appellant argues that the court should not have made what amounted to an equal distribution of the residence. Her position is that the court should have followed the provisions of the new law contained in A.R.S. § 25–318, authorizing the court to make an equitable division of joint tenancy property in the same manner as it treats property held by the community or in common.

A.R.S. § 25–318 constituted a departure from the prior law which did not give the trial court the authority to make an equitable division of joint tenancy property. *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973). In *Becchelli*, the Supreme Court held that under the law which existed prior to the 1973 dissolution statutes, the court was bound to apply the presumption that where property is held in joint tenancy, it belongs equally to the parties. Under the old law, even though one party made most of the payments on the property, there was presumed to have been a gift of half to the other party by virtue of the joint tenancy.

Because the parties here stipulated that the case was to be tried under the new rather than under the old law, appellant asserts that the trial court should have made an equitable distribution, applying the provisions of the new statute.

■ The difficulty with appellant's position is that the authority of the court to deal with joint tenancy property is governed by the law in effect at the time the property was acquired, not the law in effect at the time of the court proceeding. *Becchelli, supra.*[1] Thus this Court has squarely

held that in a dissolution action filed after the effective date of the new statute, but dealing with real property acquired prior to the effective date of the statute, the trial court was bound to apply the prior law with respect to distribution of that property. *Batesole v. Batesole*, 24 Ariz.App. 83, 535 P.2d 1314 (1975). Accordingly, since this property was acquired while the old law was in effect, the court made the appropriate distribution.

Appellant also contends that the trial court abused its discretion in failing to order a partition of the property. The record in the case reflects that the appellee, not the appellant, requested a partition prior to the issuance of the decree. After the decree was issued, the appellee no longer sought a partition.

■ Appellant's position here is that the trial court, on the request of one of the parties, was required to partition property. Appellant cites no authority for such a proposition, nor does she urge any circumstances which would make such partition desirable. We decline to hold that the trial court abused its discretion in failing to order a partition in this case.

■ With respect to the debts of the community, the trial court in its decree made no specific allocation. In such circumstances, the community debts remain joint obligations of the parties, and the husband and wife are jointly and severally liable for each of the individual debts. The creditor, of course, may seek satisfaction from either party. Thus in *Ellsworth v. Ellsworth*, 5 Ariz.App. 89, 423 P.2d 364 (1967), it was held that any community obligation not specifically assigned in the divorce decree is the obligation of both parties, and that if the creditor chooses to sue only one of the parties, the paying party has an action over against the nonpaying party for one-half the sums paid to the creditor, at least to the extent of the community property received by the nonpaying party in the dissolution decree. *See also*

1. The parties did not stipulate that the property was to be treated as anything other than joint tenancy property.

*Wine v. Wine,* 14 Ariz.App. 103, 480 P.2d 1020 (1971).

In this case, the appellant requested the court to make an allocation of the debts to the husband, and the court declined. Her position on appeal is that having been requested to make an allocation, the court was required to do so and could not leave the debts as the joint obligations of the parties. We disagree. No statutory provision mandates an express allocation. The record here reflects that the trial court, far from simply overlooking appellant's request for a specific allocation to the husband, considered the request fully in the hearing on appellant's motion for new trial and determined that the evidence warranted the parties' being left jointly liable for the obligations. We find no abuse of discretion.

Affirmed.

WREN, and EUBANK, JJ., concurring.