732 P.2d 1121

**ACQUANETTA, Plaintiff/Appellant,**

v.

**Norman Jack ROSS,
Defendant/Appellee.**

No. 2 CA–CV 5874.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 18, 1986.

Lewis & Roca by Jeremy Butler, Phoenix, for plaintiff/appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Brian E. Kelley, Phoenix, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Appellant Acquanetta and Appellee Jack Ross entered into a separation agreement on July 14, 1982 to divide their marital property in anticipation of their divorce. The agreement was incorporated by reference into their August 3, 1982 dissolution decree issued subsequent to a default hearing. Acquanetta filed a complaint to reform or rescind the separation agreement, alleging mutual mistake, fraud and lack of capacity to contract. Jack Ross successfully filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Acquanetta appeals this ruling. We affirm.

A.R.S. § 25–317(F) provides that entry of a dissolution decree "shall thereafter preclude the modification of the terms of ... the property settlement agreement, if any, set forth or incorporated by reference therein." A.R.S. § 25–327(A) permits modification where "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." It is obvious from these provisions that appellant has misconceived her remedy. Relief for the facts stated in the complaint, if proved, must be by a motion to modify the property settlement agreement under A.R.S. § 25–327(A). The trial court did not err in concluding as one of its grounds that the property settlement agreement was "not subject to attack in a separate proceeding."

We do not address whether the facts supporting the allegations in this complaint would justify reopening the judgment. That matter was not properly addressed in the motion directed to the pleadings in this case. The judgment of the trial court dismissing the complaint is affirmed. All other matters are to be resolved in further proceedings under A.R.S. § 25–327(A) if brought.

HOWARD and LACAGNINA, JJ., concur.