774 P.2d 834

**Ronald FISCHER, Plaintiff–Appellant,**

v.

**Linda SOMMER, Defendant–Appellee.**

**No. 1 CA–CV 88–154.**

Court of Appeals of Arizona, Division 1, Department D.

May 23, 1989.

debt that was not allocated in the property settlement agreement and decree of dissolution. We hold that such an action is permissible and that it is not necessary for the party seeking contribution to move to reopen the decree of dissolution.

For purposes of the motion for summary judgment, the parties agreed to the following facts. Ronald Fischer and Linda Sommer were divorced in 1981. In 1983, Fischer entered into a settlement agreement with the Internal Revenue Service for tax deficiencies accrued during the parties' marriage, requiring him to pay approximately $45,000 plus interest and penalties. Neither Fischer nor Sommer was aware of this liability at the time of the divorce, and the dissolution decree, which otherwise divided the community assets and debts, did not mention it. The parties agree that the deficiency is a community liability. After Fischer paid part of the deficiency, he filed a complaint against Sommer, alleging that she owed him 50% of the amount paid and still owed to the IRS. The complaint was designated a contract action, and requested attorney's fees pursuant to A.R.S. § 12–341.01(C).

Sommer moved for summary judgment on the basis that the only contract upon which the complaint could be based was the marital contract, and that the proper way to seek contribution would have been to file a motion to reopen the decree of dissolution pursuant to Rule 60(c), Arizona Rules of Civil Procedure. The trial court granted Sommer's motion without explanation. This appeal followed.

■ Community debts not allocated by a divorce decree remain the joint obligations of the parties. *Jankowski v. Jankowski,* 114 Ariz. 406, 407, 561 P.2d 327, 328 (App. 1977); *Ellsworth v. Ellsworth,* 5 Ariz.App. 89, 93, 423 P.2d 364, 368 (1967). They should be apportioned equally between the former spouses. *Ellsworth,* 5 Ariz.App. at 93, 423 P.2d at 368; *see also Wine v. Wine,* 14 Ariz.App. 103, 106, 480 P.2d 1020, 1023 (1971). When one spouse pays the obligation, he or she has a right of contribution against the other spouse for one-half the amount paid. *Brown v. Brown,* 58 Ariz.

Joseph C. Butner, III, Scottsdale, for plaintiff-appellant.

Allen, Kimerer & LaVelle by Gary E. Davidson, Sarah McGiffert, Phoenix, for defendant-appellee.

## OPINION

KLEINSCHMIDT, Presiding Judge.

This appeal raises the question of whether a person may bring a separate action seeking to require a divorced spouse to contribute to the payment of a community

333, 336, 119 P.2d 938, 940 (1941); *Jankowski*, 114 Ariz. at 407, 561 P.2d at 328.

■ The question is by what method a former spouse may seek contribution. Sommer contends that the only way this can be done is to file a motion for relief from judgment pursuant to Rule 60(c), Arizona Rules of Civil Procedure. She suggests that the failure to consider the tax obligation could be considered a mutual mistake of fact, thus bringing it within Rule 60(c). *See e.g., Pettibone v. Pettibone*, 22 Ariz.App. 570, 571–72, 529 P.2d 724, 725–26 (1974). She relies on *DeGryse v. DeGryse*, 135 Ariz. 335, 661 P.2d 185 (1983), for the proposition that a property disposition cannot be revoked or modified unless conditions exist which would justify reopening the judgment. Nowhere in that decision, however, did the court state or imply that Rule 60(c) is the *sole* method by which a spouse can seek post-decree contribution for an unallocated community debt.

Fischer's attempt to obtain contribution, according to Sommer, is an attempt to "destroy" the parties' dissolution decree by means of a separate action. A recent Division Two case held that the *sole* method of reforming or rescinding a separation agreement incorporated into a dissolution decree, on the basis of mutual mistake, fraud and lack of capacity to contract, is to file a motion to modify the agreement under A.R.S. § 25–327(A). *Acquanetta v. Ross*, 152 Ariz. 383, 732 P.2d 1121 (App.1986). The court of appeals agreed with the trial court's finding that the settlement agreement was " 'not subject to attack in a separate proceeding.' " *Id.* at 383, 732 P.2d at 1121. *See also Berman v. Thomas*, 41 Ariz. 457, 463, 19 P.2d 685, 687 (1933) (a separate or independent action to set aside the property disposition of a dissolution decree would be a forbidden collateral attack on the decree).

Fischer, on the other hand, contends that Rule 60(c) is but one of several available methods of enforcing a community obligation of the type that arose here. He insists, and we agree, that he is not seeking to set aside or modify the dissolution decree as were the moving parties in *De-Gryse* and *Acquanetta*. Instead, he is attempting to enforce his equitable right to contribution for an obligation that was inchoate at the time of the decree and arose thereafter. Because his complaint does not seek to modify or rescind the decree, he is not bound by A.R.S. § 25–327(A) or the case law that holds that modifications must be accomplished by motion. There is authority which supports this conclusion. First, the very last sentence of Rule 60(c) reads as follows: "The procedure for obtaining any relief from judgment shall be by motion as prescribed in these rules *or by an independent* action." (Emphasis added.) If that were not enough, in *Srock v. Srock*, 11 Ariz.App. 483, 466 P.2d 34 (1970), Division Two of this court held that the wife could obtain a money judgment for a community debt she paid, even though the decree ordered the husband to pay it, by means of an order to show cause hearing, supplemental to the divorce decree. In response to the husband's contention that the court lacked jurisdiction to consider a division of property after a decree is entered, the court stated:

> We agree with counsel that the property division in a divorce is final and cannot be altered except as generally provided by the law to alter judgments. 27B C.J.S. Division § 300(4). However, we point out that those aspects of a divorce decree which merely fix the rights and legal relationship of the parties take on the character of a declaratory judgment. And, under our declaratory judgment statutes, A.R.S. § 12–1838 provides that supplemental relief such as in the instant case can be sought.

> We realize that *this same result could have been reached in at least two other ways*. The divorce decree itself could have made the husband liable for the community debts and in the case of his failure to so pay, granted the wife a money judgment in an appropriate amount. Or the wife, with the actual decree here, *could have commenced an independent action for a money judgment based on the decree*. The fact that neither of these routes was taken does

not, we believe, invalidate the action here taken.

*Srock,* 11 Ariz.App. at 485, 466 P.2d at 36 (emphasis added).

Even more to the point, in *Ellsworth,* the court allowed the former husband to seek contribution from the wife on a community obligation through a third-party complaint he filed against her when he was sued by a community creditor. *Ellsworth,* 5 Ariz. App. at 91–93, 423 P.2d at 366–68. In that case, as here, the decree had failed to allocate a community obligation existing at the time of the decree.

Sommer's counsel raised two additional considerations in oral argument. He asserted that reopening the decree of dissolution was preferable to a separate action for contribution because the judge who entered the original decree, had he known of the tax claim, might have divided the marital property differently. This ignores the proposition that a division of property from which no appeal was taken is a conclusive determination that the distribution was fair and equitable. *Id.* at 92, 423 P.2d at 367; *see also Wine,* 14 Ariz.App. at 105, 480 P.2d at 1022.

The second point counsel raised at oral argument is that if a separate action for contribution is permitted, parties in the throes of divorce will be encouraged to conceal community obligations. As a practical matter we believe this would not happen. What benefit would there be in it? Indeed, one who engaged in such conduct and then sought contribution would find his equities severely compromised.

We know of no authority which prohibits the use of a separate action to obtain contribution of a community obligation. We therefore conclude that the trial court erred in granting Sommer's motion for summary judgment. Because Sommer admitted liability for purposes of her motion for summary judgment only, and in fact denied the same in her response to Fischer's cross-motion for summary judgment, questions of fact remain. This matter must therefore be remanded to the trial court for further proceedings.

 One last point warrants discussion. Sommer contends that summary judgment was proper because Fischer's complaint was styled as a contract action, and the only contract upon which his complaint could have been based was the marital contract, which no longer exists. The heading designates the complaint a contract action, and Fischer requests attorney's fees pursuant to A.R.S. § 12–341.01(C). The remainder of the complaint, however, clearly seeks equitable contribution based upon common law principles. We do not believe Fischer's mislabeling of his complaint or improper request for attorney's fees should defeat his claim.

This matter is reversed and remanded for proceedings consistent with this opinion.

GRANT, C.J., and FIDEL, J., concur.