779 P.2d 352

**Charles STYERS, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MOHAVE, The Honorable Gary R. Pope, a judge thereof, Respondent Judge.**

**Torrey STYERS, Real Party in Interest.**

**No. 1 CA–SA 89–082.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 29, 1989.

478

Anderson Law Offices by Michael C. Anderson, Bullhead City, for petitioner.

Lenkowsky & Knochel by Paul Lenkowsky, Bullhead City, for respondent.

FIDEL, Judge.

Petitioner Charles Styers (husband) brings this special action, seeking to prohibit his wife's discovery in marital dissolution proceedings of the records of his premarital psychiatric treatment. Husband claims, and we agree, that the records are privileged under A.R.S. § 32-2085 or § 12-2235 and are irrelevant to any issue appropriate to the dissolution of the parties' marriage.

We accept special action jurisdiction to reverse the trial court's order of disclosure because there is no adequate remedy by appeal when a trial court erroneously orders the disclosure of privileged material. *Church of the Latter Day Saints v. Superior Court*, 159 Ariz. 24, 764 P.2d 759 (App.1988).

## FACTUAL BACKGROUND

During his six month marriage to Torrey Styers (wife), husband incurred a debt of approximately $20,000 for psychiatric[1] treatment. Wife concedes that this is a community debt, but suggests that it should equitably be allocated entirely to husband, without offsetting allocation to herself, because husband failed to inform her before their marriage that he had undergone treatment for mental illness in the

past. Seeking evidence to advance this theory, wife directed a subpoena duces tecum to the Mohave County Mental Health Center for production of husband's premarital psychological or psychiatric records.

Husband filed a motion to quash the subpoena and a motion in limine to prohibit the introduction of any evidence of treatment that he underwent before the parties married. This special action arises from the trial court's denial of those motions.

## DISCUSSION

The psychologist-patient privilege is embodied in A.R.S. § 32-2085, which provides in part:

> Unless the client has waived the psychologist-client privilege in writing or in court testimony, a psychologist shall not be required to divulge, nor shall he voluntarily divulge, information which he received by reason of the confidential nature of his practice as a psychologist....

Confidential communications to a psychiatrist are likewise protected by A.R.S. § 12-2235, which provides:

> In a civil action a physician ... shall not, without the consent of his patient, ... be examined as to any communication made by his patient with reference to any physical or mental disease or disorder ... or as to any such knowledge obtained by personal examination of the patient.

Wife argues that husband has waived these privileges by voluntarily disclosing that he underwent premarital treatment for mental illness. Having thereby "opened the door," she argues, husband cannot block her discovering the records of his treatment to establish the long-term and serious nature of his disorder. We disagree.

Our supreme court held in *Bain v. Superior Court*, 148 Ariz. 331, 334, 714 P.2d 824, 827 (1986), that a party has "consented to disclosure of [privileged] information

---

**1.** The record does not reveal whether husband's treatment was psychiatric, psychological or both. For ease of discussion, we use the term "psychiatric," but our analysis applies equally to psychological treatment.

and has thereby waived the psychologist-patient privilege" if he has either (1) expressly waived the privilege in writing or in open court testimony; or (2) has pursued a course of conduct inconsistent with observance of the privilege. *Id.* The court further explained that one may waive the privileged status of medical records by the inconsistent conduct of placing the underlying medical condition at issue. *Id.*

No one suggests that husband has waived his privilege in writing. Nor has he offered himself as a witness with reference to privileged premarital communications with psychologists or psychiatrists merely by disclosing the fact that he underwent premarital mental treatment. One may acknowledge the fact of treatment without consenting to the disclosure of its confidential details. *See* S. Knapp & L. Vande-Creek, *Privileged Communications in the Mental Health Professions*, 65 (1987). The issue is rather whether husband has implicitly waived the confidentiality of his premarital records by placing his premarital mental condition at issue.[2] *Bain,* 148 Ariz. at 334, 714 P.2d at 827. Wife argues, in effect, that husband has done so by seeking the court's equitable distribution of the debt for his psychiatric treatment during marriage. To explain and resolve this argument, we preliminarily describe the concept of equitable allocation of community property and debt.

We first observe that the allocation of *debt* is optional to the court at the time of marital distribution. A dissolution decree must equitably dispose of community property. A.R.S. § 25–318.[3] As to debt, however, the court may, but need not, attempt an equitable allocation. *Cadwell v. Cadwell,* 126 Ariz. 460, 616 P.2d 920 (App. 1980); *Jankowski v. Jankowski,* 114 Ariz. 406, 561 P.2d 327 (App.1977). Indebtedness that the court leaves unallocated is presumed to be the equal responsibility of the parties, and the spouse who ultimately pays it has a claim for contribution against the other. *Id.*

We next observe that equitable and equal allocation are not synonomous. Whether the court distributes debt or confines itself to assets, the court should ordinarily attempt "a substantially equal division which neither rewards nor punishes either party." *Lee v. Lee,* 133 Ariz. 118, 121, 649 P.2d 997, 1000 (App.1982). The court may depart from equal division, however, where equity requires. *See Kosidlo v. Kosidlo,* 125 Ariz. 32, 607 P.2d 15 (App. 1979) disapproved on other grounds, 125 Ariz. 18, 607 P.2d 1 (Husband refused to use a checking account, insisted on cash transactions, secreted large amounts of cash, and evaded questions about community assets. Under these circumstances the trial court was justified in concluding that equity favored the distribution of a greater share of community assets to the wife.)

The proposition that an equitable allocation need not be an equal allocation underlies wife's theory of relevance and her theory of waiver. Wife does not invoke equity, as in *Kosidlo,* pursuant to the directive of § 25–318 that the court consider "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community ... property." She does not contend that husband's psychiatric treatment

---

2. We consider the discoverability of husband's premarital mental health records alone. This special action does not concern and we do not address the discoverability of the records of husband's treatment during marriage.

3. A.R.S. § 25–318(A) provides:
    In a proceeding for dissolution of marriage, or for legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which previously lacked personal jurisdiction over the absent spouse or previously lacked jurisdiction to dispose of the property, the court shall assign each spouse's sole and separate property to such spouse. It shall also divide the commu-

nity, joint tenancy and other property held in common *equitably, though not necessarily in kind, without regard to marital misconduct.* For purposes of this section only, property acquired by either spouse outside this state shall be deemed to be community property if the property would have been community property if acquired in this state. Nothing in this section shall prevent the court from considering excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.
(Emphasis added).

during marriage constituted an excessive, destructive, or wasteful disposition of community assets. Instead, she evokes equity to remedy husband's failure to inform her of his mental health history before they married. As an equitable remedy, she suggests, the court should allocate to husband the entirety of his current psychiatric debt. To assess the equity of this position, wife's argument continues, the court must review husband's history of premarital psychiatric treatment; thus, the records that document his treatment should be open to her discovery.

We reject wife's argument. To begin with, even if her theory of relevance were valid, her discovery goes too far. Under wife's theory, the fact of her husband's prior treatment, its duration, and the diagnosis might be relevant to demonstrate that his current expenses arose from the treatment of the same condition. This information, however, could have been sought by narrow, pointed discovery without wholesale invasion of the husband's confidential records.

 We conclude, however, that wife's theory of relevance is invalid. While an equitable allocation of community debt may sometimes differ from an equal allocation, the concept of equity under A.R.S. § 25–318 is not so elastic as to entail a punitive disparity for the fault of premarital medical non-disclosure. To interpret equitable allocation of medical expenses so broadly would make of marriage vows a mutual warranty of medical habitability and fitness. We decline to do so. Our law does not reserve a corner of the dissolution battlefield for contests over the adequacy of premarital medical disclosure. Instead it places the responsibility on individuals contemplating marriage to know their partners well enough to undertake the many commitments and responsibilities that accompany the formation of a marital community. Among these is the commitment to apply communal assets to meet each spouse's medical needs, come what may. *See* A.R.S. § 13–3611. One cannot escape this obligation as to pre-dissolution expenses by protesting, "I was inadequately informed."

CONCLUSION

We conclude that petitioner's prior psychiatric records are privileged pursuant to A.R.S. § 32–2085 or § 12–2235 and that petitioner has not waived that privilege. The court's order denying petitioner's motion to quash the subpoena duces tecum for these records is vacated, and this matter is remanded for further proceedings consistent with this opinion.

GERBER, P.J., and GRANT, C.J., concur.