NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

KERRY WILLIAM ROSE, *Plaintiff/Appellant*,

*v.*

ELIZABETH EVERS, *Defendant/Appellee*.

No. 1 CA-CV 18-0495
FILED 6-13-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2017-008454
The Honorable Rosa Mroz, Judge

**AFFIRMED**

---

COUNSEL

Tiffany & Bosco, PA, Phoenix
By Kelly L. Mendoza, Jack R. Vrablik
*Counsel for Plaintiff/Appellant*

Dickinson Wright PLLC, Phoenix
By Dana M. Levy
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

_____

**C A M P B E L L** , Judge:

¶1          Kerry William Rose appeals the superior court's dismissal of his complaint against his wife, Elizabeth Evers, for breach of fiduciary duty and contribution to community debt. We affirm.

**BACKGROUND**

¶2          In November 2012, Evers petitioned for legal separation from Rose. After approximately two years of litigation, the parties participated in private mediation resulting in a Rule 69 agreement. Ariz. R. Fam. Law P. ("ARFLP") 69. The parties agreed Rose would be awarded the house located at 2626 East Arizona Biltmore Circle, No. 7 (the "Biltmore Home") and Evers agreed Rose could use her $250,000 tax exemption if he sold the Biltmore Home while they were still married. The parties included a disclaimer that explicitly stated there was no guarantee the exemption would be transferable under IRS code. The parties also included an arbitration clause requiring any disputes relating to the agreement be submitted to the arbitrator.

¶3          After entering the agreement, but before the court signed  the decree of legal separation ("Decree"), Rose obtained an opinion from a tax attorney explaining he could not use Evers' tax exemption after the Decree was entered. Rose asked Evers to renegotiate the terms of the agreement or to delay filing the Decree until 2017, but Evers refused. Rose then submitted his demand to the arbitrator, who concluded that he was simply engaging in "an attempt to re-write that Agreement."

¶4          The family court then signed the Decree as set forth in the parties' agreement. Rose moved to set aside the Decree under ARFLP 85(C) or, in the alternative, sought relief from judgment, arguing that Evers "engaged in fraud to bring about a property settlement that is both inequitable and unfair." The family court denied Rose's motion, finding it without merit. Rose appealed to this court, and we affirmed the family

court's decision. *See Evers v. Rose*, 1 CA-CV 16-0122, 2017 WL 1020297, at *2, *3, ¶¶7, 18 (Ariz. App. Mar. 16, 2017) (mem. decision).

**¶5** Two months later, Rose filed a complaint in the superior court asserting claims for breach of fiduciary duty, contribution to payment of community debt, and breach of the confidentiality provision contained in the parties' prenuptial agreement. Evers moved to dismiss the complaint based on claim preclusion, issue preclusion, and waiver.[1] The court granted her motion. Rose timely appealed.

## DISCUSSION

**¶6** We review the superior court's dismissal of Rose's complaint under Arizona Rule of Civil Procedure 12(b)(6) de novo. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). In doing so, we assume the truth of the facts alleged and will affirm only if Rose would not be entitled to relief "under any interpretation of the facts susceptible of proof." *Id.* (citation omitted).

## I. Breach of Fiduciary Duty

**¶7** Approximately three years before Evers petitioned for legal separation, Rose and Evers contracted with MSR Biltmore Resort, LP ("MSR") to sell the Biltmore Home. After MSR failed to perform, Rose and Evers sued MSR for specific performance (the "MSR Litigation"). The parties settled with MSR, and the settlement proceeds were allocated in the Decree.

**¶8** In his ARFLP 85(C) motion to set aside the Decree in family court, Rose argued that Evers had breached her fiduciary duty concerning the MSR Litigation:

> [Evers] had a fiduciary duty to inform [Rose] of anything that could affect the economic consequences of settling [Rose] and [Evers'] claims against MSR. However, [Evers] breached that duty and knowingly allowed [Rose] to enter into a settlement with MSR without full knowledge of the ramifications of such a settlement.

---

[1] On appeal, Rose does not challenge the dismissal of his claim for breach of the confidentiality provision.

**¶9**        As relevant here, Rose alleges that the Biltmore Home and MSR Litigation were community assets and that Evers breached her "fiduciary duty to inform [him] of anything that could affect the economic and financial elements" of those assets. Because this claim had already been raised in the family court and found to be without merit, Evers argued that the claim was governed under the doctrine of claim preclusion and thereby prohibited Rose from re-litigating this issue.

**¶10**        The application of claim preclusion requires (1) a former judgment on the merits in the first action, (2) the same parties or their privies in the second action, and (3) a claim that "was, or might have been, determined" in the first action. *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999). Unlike issue preclusion, which applies only to issues actually litigated, claim preclusion applies to issues that "might have been litigated" in the former action. *Pettit v. Pettit*, 218 Ariz. 529, 533, ¶ 10 (App. 2008). We review the application of claim preclusion de novo. *See Phoenix Newspapers, Inc. v. Dep't of Corrs.*, 188 Ariz. 237, 240 (App. 1997).

**¶11**        On appeal, Rose concedes that the legal separation proceeding "resulted in a final judgment on the merits and involved the same parties," satisfying the first two requirements of claim preclusion. He argues, however, that the third requirement, was or could have been litigated in the previous proceeding, is not satisfied because he could not have asserted a breach of fiduciary duty in the legal separation proceedings "because he did not become aware of the claim's existence until after the [agreement] was executed."

**¶12**        The record reflects that Rose's counsel alleged a breach of fiduciary duty in a letter to Evers' counsel after the parties entered into the agreement, but before both the arbitrator's ruling on Rose's request to modify the agreement and entry of the Decree. Therefore, Rose could have raised a claim for breach of fiduciary duty in the legal separation proceedings.

**¶13**        Rose also argues that his claim for breach of fiduciary duty sounds in tort and that asserting the claim in the legal separation proceeding would have been "procedurally and jurisdictionally improper." He relies on *Windauer v. O'Connor*, 107 Ariz. 267 (1971), in which a wife sued her husband alleging that he had "willfully and intentionally fired a bullet into [her] head with the intent to kill her." *Id.* at 267. Our supreme court held that claim preclusion did not prevent the wife from bringing a separate action for an intentional tort after entry of the decree of dissolution, explaining:

> [T]he action for the intentional tort does not arise until the parties are divorced, hence the tort action could not have been brought as a part of the divorce action. Furthermore, the peculiar and special nature of a divorce action speaks against the bringing of the two actions in one litigation.

*Id*. at 268.

¶14 The holding in *Windauer* does not prohibit the application of claim preclusion in this circumstance. Rose's claim, which arose before entry of the Decree, is intertwined with the property settlement. Therefore, it could have been raised as part of the legal separation proceeding. *See Victor v. Victor*, 177 Ariz. 231, 232 (App. 1993) (explaining that the family court's jurisdiction extends to "matters germane" to statutory subject matter); Ariz. Rev. Stat. ("A.R.S.") § 25-318 (authorizing the family court to divide property). Because the elements of claim preclusion are satisfied, we affirm the superior court's dismissal of Rose's claim for breach of fiduciary duty.

## II. Contribution to Payment of Community Debt

¶15 Rose also claims he is entitled to contribution for payment of "community debt" — $88,620 in legal fees for the MSR litigation. He argues that claim preclusion does not apply "to actions for contribution of omitted debts." While he is correct about the legal principle, he attempts to apply that principle incorrectly. A party "may bring a separate action seeking to require a divorced spouse to contribute to the payment of a community debt that was not allocated in the property settlement agreement and decree of dissolution." *Fischer v. Sommer*, 160 Ariz. 530, 531 (App. 1989); *see also* A.R.S. § 25-318(D) (providing that community property "for which no provision is made in the decree" is "held by the parties as tenants in common"). Here, however, the attorney fee obligation was allocated in the Decree.

¶16 The court awarded Rose the Biltmore Home and provided that he would "assume and pay . . . [a]ll debts and obligations associated with property" awarded to him, evidenced in the Decree. The attorney fees arising from the MSR litigation were an obligation tied to the Biltmore Home. Accordingly, the court allocated that debt to Rose as agreed by the parties and reflected in the Decree. Based on the language of the Decree, we affirm the superior court's dismissal of Rose's claim for contribution.

## CONCLUSION

¶**17** For the foregoing reasons, we affirm the dismissal of Rose's complaint. Evers seeks attorney fees on appeal pursuant to the Decree and A.R.S. §§ 12-341.01 and -349. The Decree provides for a fee award in paragraph 20, which states, "[i]n the event that either party breaches any provision and/or defaults with respect to any obligation" of the Decree, "the breaching/defaulting party shall, at the Court's discretion, pay the attorneys' fees . . . incurred by the injured party in the enforcement of this Decree." Under paragraph 22 of the Decree, "[e]ach party's duty to indemnify the other as ordered in this Decree shall include, but not be limited to the payment of any damage, *including defense of any claim*, and payment of all reasonable costs and expenses incurred . . . including, but not limited to reasonable attorneys' fees . . . ." (Emphasis added.) We find an award of attorney fees is authorized under these paragraphs of the Decree and therefore grant Evers' reasonable attorney fees on appeal in an amount to be determined upon her compliance with ARCAP 21. As the prevailing party, Evers is also entitled to her costs on appeal upon compliance with ARCAP 21.

