NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LARISA LEE SEMBOWER, *Petitioner/Appellee*,

*v.*

GREG LITMAN SEMBOWER, *Respondent/Appellant*.

No. 1 CA-CV 21-0498 FC
FILED 6-21-2022

Appeal from the Superior Court in Maricopa County
No. FN2019-092241
The Honorable John L. Blanchard, Judge

**AFFIRMED IN PART;
VACATED AND REMANDED IN PART**

COUNSEL

Patricia A. Mellen Attorney at Law, Denver, Colorado (Pro Hac Vice)
By Patricia A. Mellen
*Counsel for Petitioner/Appellee*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley David Murray
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

_____

**G A S S**, Vice Chief Judge:

¶1          Husband appeals two post-decree orders, the first denying his request for wife to reimburse him for alleged community debts he paid and the second awarding wife attorney fees. We affirm in part and vacate and remand in part.

## FACTUAL AND PROCEDURAL HISTORY

¶2          This court views the facts in the light most favorable to affirming the superior court. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283, ¶ 14 (App. 2019).

¶3          The parties' 2020 dissolution decree required them to sell two jointly-owned properties—one in Scottsdale and one in Colorado. The superior court appointed two real-estate commissioners to effectuate the sales. The decree equally divided community debt, including "[a]ny community debts that were not identified at the time of the trial." The decree also required the parties to "indemnify and hold harmless from any and all debts [the decree] designated as the responsibility of that party."

¶4          Husband paid numerous community debts in full, including portions which were wife's responsibility. But he consistently thwarted the real estate sales. Both real estate commissioners said husband was "uncooperative" and "horrible to deal with." As to the Colorado property, husband contacted potential buyers to "scare them." As to the Scottsdale property, husband allowed a guest to occupy and run a business at it, left the home dirty and unpresentable for showings, made unreasonable documentary demands, and hid the for-sale sign behind trash.

¶5          Husband filed a petition to enforce the decree seeking reimbursement for his payment of wife's share of the community debts. Within two weeks, wife filed a petition for contempt and sanctions regarding husband's obstruction of the property sales.

¶6          After an evidentiary hearing on both petitions, the superior court denied husband's requests for reimbursement but granted wife's requests, finding husband in contempt and sanctioning him. The sanctions included granting wife exclusive use of the Colorado property, prohibiting husband from communicating with potential buyers, and ordering husband pay the commissioner an additional one percent of the Scottsdale property sales price from husband's share of the proceeds. In resolving both petitions, the superior court awarded wife $20,000 in attorney fees.

¶7          Husband timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.2.

## ANALYSIS

¶8          Husband appeals the superior court's denial of his reimbursement claim for alleged community debts and the superior court's award of attorney fees to wife. We address each issue in turn.

## I.          Reimbursement Claim

### A.          Community Debt

¶9          Husband argues wife must reimburse him for his payment of community debts the decree explicitly allocated to wife. We agree.

¶10          "The provisions [in a decree of dissolution] as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." A.R.S. § 25-327.A. "The allocation [provided in the decree] fix[es] responsibility between the parties for the debt and can be used by one spouse to sue the other for contribution, if necessary." *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 631 (App. 1995) (citing *Cadwell v. Cadwell*, 126 Ariz. 460, 461–62 (App. 1980)); *see also Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017) (an equitable property distribution must account for voluntary payments a spouse makes toward community debts to maintain community assets after the filing of a dissolution petition).

¶11          Here, the decree divided responsibility for community debts evenly between wife and husband. And the decree included an indemnification clause requiring each spouse to "indemnify and hold harmless from any and all debts [the decree] designated as the responsibility of that party." Husband subsequently paid most of those community debts, including debts the decree allocated to wife.

3

¶12 To begin, in denying husband's reimbursement request, the superior court did not find—and indeed wife did not allege— conditions justifying reopening the decree's debt-disposition provisions. *See* A.R.S. § 25-327.A; *see also Birt v. Birt*, 208 Ariz. 546, 552–53, ¶ 26 (App. 2004) (discussing the form of relief envisioned by A.R.S. § 25-327.A); *Fischer v. Sommer*, 160 Ariz. 530, 532–33 (App. 1989) (same); *In re Marriage of Bobbitt*, 144 P.3d 306, 311, ¶ 18 (Wash. App. 2006) (applying a similar provision under Washington law to reverse an improper modification of a property division).

¶13 Instead, the superior court treated husband's payments as a gift, finding husband paid the debts voluntarily and "at his own peril." Though a decree fixes community debt, a spouse may relieve the other spouse of a community-debt obligation by paying the other's obligation as a gift. *See generally Bobrow*, 241 Ariz. at 596–97, ¶ 20. The facts, however, do not support a finding husband intended the payments as a gift.

¶14 This court reviews factual issues—such as whether here husband intended the payments as a gift—for clear error. *See id.* at 595, ¶ 11. In the post-decree setting, the party claiming the other party intended a payment to be a gift—here, wife—has the burden to establish "by clear and convincing evidence [h]usband intended the payments for community [debt] to be a gift." *See id.* at 596, 597, ¶¶ 15, 20. Though a matrimonial presumption of a gift applies to payments made during the marriage, that presumption does not apply after the superior court issues a decree of dissolution. *Id.* at 594, ¶ 1. In determining whether payments were gifts, the donor's intent controls. *See id.* at 596, ¶ 16 (citing *In re Marriage of Berger*, 140 Ariz. 156, 162 (App. 1983)).

¶15 Here, the evidence does not support the superior court's finding husband intended to repay wife's community debt as a gift. *See id.* at 597, ¶ 20 (citing *Schickner v. Schickner*, 237 Ariz. 194, 197–98, ¶ 13 (App. 2015)). Husband testified he satisfied those community debts to avoid interest payments and avoid losing equity in their properties. After paying those community debts, he promptly filed a petition to enforce the decree and obtain reimbursement for wife's obligation. Because husband did not intend these payments as a gift, the superior court erred in excusing wife's obligation to reimburse him for community debts identified in the decree. *See id.* at 596–97, ¶¶ 16–20.

¶16 Wife argues husband's premature repayment prevented her from renegotiating debts with her creditors. But wife cites no authority protecting a former spouse's ability to renegotiate debts, and we decline to

bar reimbursement whenever one spouse prematurely repays community obligations because of a supposed renegotiation privilege.

¶17        Accordingly, we vacate the superior court's order relieving wife of her obligation to reimburse husband for community debts allocated to wife in the decree. We remand for the superior court to calculate wife's debt obligation consistent with this decision.

### B.        Remaining Debt and Expenses

¶18        Husband also sought reimbursement for other expenses he argues were community debt.

¶19        "[T]he superior court has broad discretion" in apportioning community property and debts, and this court "will not disturb its allocation absent an abuse of discretion." *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). This court will affirm the allocation of community debt if the superior court's findings are supported by reasonable evidence. *See Johnson v. Johnson*, 131 Ariz. 38, 44 (1981).

### 1.        Maintenance Expenses on Community Properties Pending Post-Decree Sale

¶20        In ruling on husband's petition, the superior court denied his reimbursement request for post-decree expenses he incurred to maintain the properties pending their sale. In denying the property-maintenance expenses, the superior court found husband caused unnecessary expenses by obstructing the sales. Because reasonable evidence in the record supports this finding, we will not disturb it. *See Johnson*, 131 Ariz. at 44.

### 2.        Other Debts

¶21        The superior court did not resolve some of husband's requested reimbursements. Husband's petition sought reimbursement for debts not identified at the time of dissolution, specifically an Alliant loan, a Discover credit card debt, wife's health and dental insurance, a Range Rover car loan, mortgage payments, and other expenses related to the yet-to-be-sold community properties. The superior court also denied husband's requested reimbursement for some debts included in the decree but for amounts greater than those listed. The superior court did not resolve those additional debts.

¶22        We remand for the superior court to resolve whether husband can meet his burden to prove the community nature of those debts. *See*

*Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 301 (1993) (declining to adjudicate an issue on appeal unaddressed in the superior court's findings because a "final decision without findings was impossible without transforming this court into a factfinder resolving disputed issues of fact"); *see also Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992) ("The party who asserts a fact has the burden to establish that fact."). In doing so, we do not require the superior court to hold another evidentiary hearing if it determines it can resolve those issues with the existing record.

## II.      Attorney Fees in the Superior Court

**¶23**          Husband argues this court should reduce the superior court's attorney-fee award to account for his reasonable litigation positions.

**¶24**          "[T]he amount of attorney fees in a dissolution action is a matter left to the sound discretion of the [superior] court." *Baum v. Baum*, 120 Ariz. 140, 146 (App. 1978). This court reviews for an abuse of discretion an award of attorney fees under A.R.S. § 25-324. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990).

**¶25**          Section 25-324.A provides the superior court "*may* order a party to pay a *reasonable amount*" in attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." (Emphasis added.) Though the superior court must consider both factors, it may base an award on either financial disparity or reasonableness, or both. *See Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8 n.1 (App. 2004).

**¶26**          Here, the superior court's fee award covered both husband's enforcement petition and wife's contempt petition. The superior court did not identify the basis for its fee award, though it included relevant reasonableness findings when discussing the merits of wife's contempt petition. The superior court awarded attorney fees after consideration, in part, of the reimbursement petition. Because we largely vacate the rulings on the reimbursement petition, we also vacate and remand the attorney-fee award. *See Eans-Snoderly v. Snoderly*, 249 Ariz. 552, 559, ¶ 27 (App. 2020).

## ATTORNEY FEES ON APPEAL

**¶27**          Husband and wife request their attorney fees on appeal under A.R.S. § 25-324.A. After considering the relevant factors, we decline to

award attorney fees. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 41 (App. 2011). As the successful party on appeal, we award husband his reasonable costs under § 12-341 upon compliance with ARCAP 21.

## CONCLUSION

**¶28** We affirm the superior court's order denying husband's reimbursement request for property-maintenance expenses. We vacate and remand the superior court's attorney-fee award and its remaining community-debt orders.



AMY M. WOOD • Clerk of the Court
FILED:     AA