NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

IZABELA PRASEK, *Petitioner/Appellee,*

*v.*

ROBERT PRASEK, *Respondent/Appellant.*

No. 1 CA-CV 25-0478 FC

FILED 04-15-2026

Appeal from the Superior Court in Maricopa County
No. FN2021-090695
The Honorable Charlene D. Jackson, Judge

**VACATED AND REMANDED FOR RECONSIDERATION**

COUNSEL

Becker Zarling & Smith Law, Avondale
By Gina M. Becker-Zarling, Sara Smith
*Counsel for Petitioner/Appellee*

Zwillinger Wulkan PLC, Phoenix
By Larry Wulkan, Peter S. Kozinets, Lauren Whittaker
*Co-Counsel for Petitioner/Appellee*

Reardon House Colton PLC, Scottsdale
By Kristi A. Reardon
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1        Robert Prasek ("Husband") appeals from the community property allocation in the decree dissolving his marriage to Izabela Prasek ("Wife"). We conclude the superior court erroneously allocated the community's equitable lien. As explained below, we vacate the court's community property allocation and remand for reconsideration.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        The parties married in 1993 and separated in 2006, with Wife living in Arizona and Husband living in Chicago, Illinois. Wife petitioned for dissolution in 2021. During the marriage, the parties bought a home in Goodyear, Arizona.

¶3        It is undisputed that (1) the Goodyear home is Wife's separate property because Husband signed a disclaimer deed, and (2) the community is entitled to an equitable lien because the parties paid the down payment and mortgage with community funds. On appeal, Husband does not challenge the *amount* of the equitable lien stated in the decree, only the *allocation* of the equitable lien.

¶4        Husband owns and operates a construction business. Wife owns and operates a business that provides nutritional advice. The parties disputed the value of the businesses, but agreed they were both community property and the court should award each party their respective business.

¶5        Wife testified that during the dissolution proceedings, she discovered there were liens on the Goodyear house for a homeowners' association ("HOA") debt on a different property and "tax liens." She estimated that the tax liens were $140,000. Husband asserted that the parties owed over $90,000 in unpaid taxes from 2014 to 2023. Husband asked the court to allocate the tax debts to him and award him his business with no offset to Wife. Wife argued that because all the liens were related to Husband's business, the court should allocate those debts to him. But she agreed that if the court awarded her half of the value of Husband's business, she would be responsible for half of the business-related debts.

¶6            Consistent with the pretrial stipulation, the superior court awarded each party its business, including all liabilities, subject to equalization. It valued Wife's business at $2,000 and Husband's at $190,000. The court found the Goodyear house was Wife's separate property, and the community had an equitable lien of $143,000. The court awarded each party $71,500 in its equalization calculation. As for the liens on the Goodyear house, the court ordered Husband to pay the HOA lien. The court found neither party presented evidence to support Wife's testimony about the tax liens or their amount. Nevertheless, the court ordered the parties to equally split "any other liens." The court listed and allocated several other debts, but did not address the other tax debts Husband testified about. Still, the court granted Husband's reimbursement request and ordered Wife to pay Husband half of what he paid toward the community tax debt after the petition was served.

¶7            Ultimately, after accounting for Husband's reimbursement claim, the superior court ordered Husband to pay Wife $83,866.25 for an equalization of the community property. Husband moved to alter or amend the decree, arguing the court erred in how it treated the equitable lien when calculating the equalization payment and by failing to allocate the community tax debt. Wife argued it was equitable to order Husband to pay the entire tax debt. Alternatively, she claimed the tax debt was related to Husband's business, so the court had implicitly allocated it to Husband along with his business. The court denied the motion without comment.

¶8            Husband timely appealed. We have jurisdiction under Section 12-2101(A)(1), (2).

## DISCUSSION

¶9            The superior court divides community property "equitably, though not necessarily in kind." A.R.S. § 25-318(A). The court "has broad discretion in determining what allocation of property and debt is equitable under the circumstances." *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 7 (App. 2010). We will affirm the allocation absent an abuse of discretion. *Id.* "In most cases, dividing jointly held property substantially equally will be the most equitable unless there exists a sound reason to divide the property otherwise." *Id.* at 544, ¶ 6. Indeed, the superior court found that an equal property division was equitable here.

## I.    The equalization order is erroneous.

¶10           The superior court determined that the community had an equitable lien of $143,000 for its contributions to Wife's separate property

Goodyear house. The court awarded the Goodyear house to Wife and credited each party with a $71,500 interest in the equitable lien. In calculating the overall property equalization, the court stated:

> IT IS THEREFORE ORDERED that [i]ncluding the division of property and debts as divided herein, including the offset of the parties' respective businesses and including the division of the community interest lien on the residence, but excluding the Bobrow reimbursement, Husband is allocated a total of $265,974.59 of the assets and debt and Wife is allocated a total of $75,893.61. This results in an equalization of $95,040.49 to be paid by Husband to Wife. However, Wife owes Husband Bobrow reimbursement of $6,372.74 for insurance + $4,801.50 for tax payments applicable to the community totaling $11,174.24 owed from Wife to Husband. Taking the two amounts, the overall offset and equalization owed by Husband to Wife is $83,866.25.

As both parties acknowledge, the list of community assets and debts in the decree, after accounting for the reimbursement amount, does not result in an equalization order in the amount of $83,866.25. But they disagree on the correct calculation.

¶11        The superior court erred in how it treated the equitable lien on Wife's separate property house. The court credited Husband with $71,500 for his share of the equitable lien without ordering Wife to pay him that amount. The court properly awarded Wife her separate property house, which included the equity. The court's calculation inflated Husband's share of community assets because he did not actually receive his share of the equitable lien. The court should have credited the full amount of the equitable lien to Wife because she was awarded the house. The court should have then offset Husband's share of the lien against the other assets Wife received, including her share of Husband's business. By crediting each party as receiving their share of the equitable lien when Wife alone received the house and all the equity, the court incorrectly treated Wife as having paid Husband for his share.

¶12        To be sure, Wife is entitled to keep her separate property house and the equity, but she must pay Husband for his share of the community's equitable lien now, even if she will not realize the equity until a future sale. Contrary to Wife's claim, she does not have to pay Husband out of pocket for his share of the equitable lien with money she "does not

have." Rather, Husband receives his share of the equitable lien by offsetting it against other property Wife receives.

¶13        The correct allocation, according to the figures in the decree, is as follows:

| Husband | Wife |
|---|---|
|  | $143,000.00 equitable lien on the Goodyear home |
| $8,781.00 vehicles | $7,845.00 vehicle |
| $67.41 Chase #7030 | $1,985.43 Chase #8773 |
| $190,000.00 business | $2,000.00 business |
| ($8,415.82 share of community debts listed in decree) | ($8,415.82 share of community debts) |
| $190,432.59 total | $146,414.61 total |

Based on these "total" figures, Husband owed Wife $22,008.99 to equalize the property and debts. But Wife also owed Husband a *Bobrow* reimbursement of $11,174.24. *See Bobrow v. Bobrow*, 241 Ariz. 592, 596–97, ¶¶ 19–20 (App. 2017) (a spouse is generally entitled to be reimbursed for servicing community debt with separate funds after the petition has been filed). As a result, the total amount Husband owed Wife is $10,834.75. We reject Husband's proposed calculation because he included the separate debts allocated to each party, which are not relevant in equaling the *community* property and debts.

¶14        But our calculation does not factor in the tax liens on Wife's separate property house or the unpaid tax debts, which we discuss below. Accordingly, we vacate the equalization order and remand for reconsideration using a correct allocation of the equitable lien and to account for the community tax obligations as explained below. *See infra* ¶¶ 19–20. On remand, the superior court shall also consider whether the modified equalization order affects the spousal maintenance award and whether any adjustment is necessary. We express no opinion on the result.

II.    **The superior court found the tax obligations are community debts for which the parties are presumed to be equally liable.**

¶15        The parties presented evidence about tax obligations incurred during the marriage. Wife testified there were tax liens totaling $140,000 on her separate property Goodyear house. Husband claimed the community owed over $90,000 in unpaid taxes from 2014 to 2020 ("unpaid tax debts"). These obligations are presumed to be community debts because they were

incurred during the marriage. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 12 (App. 2010) ("[A]ll debt incurred by either spouse during marriage is presumed a community obligation.").

**¶16**　　　The superior court ordered the parties to equally divide the liens on the Goodyear house. But the court found there was no evidence showing the amount of the liens or the lienholder, so the court did not determine the amount of the liens. Nor did it determine the amount of or specifically allocate the unpaid tax debts Husband testified about. Yet the court characterized the unpaid tax debts as a community obligation when addressing Husband's reimbursement claim.

**¶17**　　　The record supports the finding that those tax debts were a community obligation. *See id.* This defeats Wife's argument that the court found that Wife rebutted the community presumption and allocated the unpaid tax debts to Husband. For the same reason, we reject Wife's contention that the court allocated the unpaid tax debts to Husband when it awarded his business to him subject to all liabilities. Nor does the record support Wife's claim that the business valuation included these unpaid tax debts.

**¶18**　　　Although the decree did not order each party to pay half of the community tax debt, an equal division is presumed. *Fleming v. Tanner*, 248 Ariz. 63, 70, ¶ 23 (App. 2019) (community debts not allocated in the decree remain joint obligations and are apportioned equally); *accord Fischer v. Sommer*, 160 Ariz. 530, 531 (App. 1989) (community debts not allocated in a decree "remain the joint obligations of the parties"); *Jankowski v. Jankowski*, 114 Ariz. 406, 407 (App. 1977) (parties remain jointly and severally liable for community debts not allocated in the decree). Therefore, the tax debts are a community obligation for which the parties are equally liable. Despite this presumption, we remand for the superior court to consider how the allocation of these community tax obligations affects the equalization calculation.

**¶19**　　　It is also unclear, on this record, whether the lien on the Goodyear house and the unpaid tax debts are two different debts or whether they cover the same community tax obligations. We remand for the court to determine the amount of and allocate the community tax obligations, including the lien and unpaid tax debts. The court may, in its discretion, allow the parties to present evidence to clarify the amount of the community tax obligation.

**¶20** In sum, on remand, the court must reconsider the equalization order, correctly allocating the equitable lien and accounting for the community tax obligations. The court must then consider whether the spousal maintenance award should be adjusted as a result. *See supra* ¶ 14.

### III.    Attorney fees and costs on appeal.

**¶21** Both parties request an award of attorney fees and costs on appeal based on Section 25-324. After considering the parties' financial resources and the reasonableness of their positions, we order each party to bear his or her own attorney fees on appeal. Husband is entitled to his reasonable costs under Section 12-342 upon compliance with ARCAP 21.

### CONCLUSION

**¶22** We vacate the equalization order and remand for reconsideration consistent with this decision.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR